USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
CARMEN LOPEZ,                                                 :
                                                              :   **ORDER DENYING MOTION TO**
                                      Petitioner,             :   **VACATE SENTENCE**
                                                              :
       -against-                                              :   10 Civ. 1394 (AKH)
                                                              :   03 Cr. 368 (AKH)
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                                      Respondent.             :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Carmen Lopez, proceeding pro se, moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. I have reviewed Lopez's motion and the government's opposition papers. Lopez has not filed a reply. On the basis of my review, I deny the motion and dismiss it with prejudice.

Lopez was indicted by a federal grand jury in March 2003 on one count of conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of Methylenedioxymethamphetamine—the drug commonly known as Ecstasy. Lopez had been the intended recipient of a package, intercepted by federal law enforcement officials, that contained 25,000 dosage units of Ecstasy concealed in an automobile part. Lopez was supposed to deliver the Ecstasy to an acquaintance named Nelson Balbi, and she understood that the drugs eventually would be distributed to others for their personal use.

Lopez's trial on the conspiracy charge was scheduled to start on December 1, 2003. On November 25, 2003, she failed to appear for a pretrial conference in violation of the

1

conditions of her release on bail. Lopez could not be found, and she remained in hiding for several years until she was apprehended by authorities in New Jersey in 2008.

In October 2008, Lopez entered into a plea agreement with the government whereby she agreed to plead guilty to charges in a superseding indictment, which consisted of one count of conspiracy to distribute Ecstasy and one count of failure to appear as required by the conditions of her release. In the plea agreement, the parties stipulated to a Sentencing Guidelines range of 108 to 135 months, but acknowledged that the court would not be bound by their stipulation or by the Sentencing Guidelines in imposing a sentence. The parties agreed that, taking account of the factors set forth in 18 U.S.C. § 3553(a), a sentence within their stipulated range would be reasonable, and they further agreed that neither an upward nor a downward departure from the stipulated range would be warranted under the circumstances of the case. Pursuant to the plea agreement, Lopez waived her right to pursue a direct appeal or to seek post-conviction review of a sentence within or below the stipulated range. The government likewise agreed not to appeal a sentence within or above that range.

Lopez pled guilty to the superseding indictment and I accepted her plea after finding that it had a basis in fact and had been made knowingly and voluntarily. Three months later, I sentenced Lopez to 108 months' imprisonment on the conspiracy charge and 36 months' imprisonment for her violation of bail conditions concurrently. This sentence was at the low end of the parties' stipulated Sentencing Guidelines range.

Lopez now contends that her attorney provided ineffective assistance in connection with her guilty plea because her attorney did not explain the consequences of entering into the plea agreement or the nature of the constitutional rights that she was waiving. To prevail on her claim, Lopez must show that her attorney performed in a way that was objectively

unreasonable and that, but for her attorney's deficient performance, the result of the proceeding would have been different. United States v. Doe, 537 F.3d 204, 213–14 (2d Cir. 2008). In other words, Lopez must show "that there is a reasonable probability that were it not for counsel's errors, [s]he would not have pled guilty and would have proceeded to trial." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). Lopez cannot make this showing.

Lopez clearly knew the consequences of entering into the plea agreement, for she was made aware of and acknowledged those consequences under oath and on the record at her plea hearing. At the hearing, I informed Lopez of her fundamental constitutional rights, i.e., her right to a speedy and public trial before a jury; that she was presumed innocent and could not be convicted unless and until the government proved the charges against her beyond a reasonable doubt to the satisfaction of a unanimous jury; her right to counsel at every stage of the proceedings; her right to confront all witnesses against her; her right to compel the testimony of favorable witnesses; her right to testify in her own defense; and that the jury could not draw any inference against her if she chose not to testify at trial. After making sure that Lopez was aware of her constitutional rights, I made sure that she understood that she was giving up those rights by pleading guilty:

> **The Court**: However, if you plead guilty, you give up all these rights to a speedy and public trial, and you authorize me to sentence you the same way as I could as if a jury had brought in a verdict of guilty against you.
>
> **The Defendant**: Yes, sir.

The government then recited the statutory maximum sentence for each count of the superseding indictment. Lopez stated that she was aware of the maximum punishment that she faced. She also stated that she understood that she could not withdraw her plea once I accepted it, even if I later imposed a sentence that disappointed her.

3

With regard to the waiver of her right to appeal or to seek post-conviction review of her sentence, Lopez and I had the following exchange:

> **The Court**: If I sentence you within the guidelines or below it, you have given up your right to appeal or to seek post-conviction review. If I sentence you within the guidelines or above, the government has given up the right to appeal. Are you aware of that? Are you aware of all those conditions?
>
> **The Defendant**: Yes. Yes, sir.

When I asked Lopez whether she would like me to review any other aspects of the plea agreement with her, she declined the opportunity to do so:

> **The Court**: There is more in here that I don't need to read if you tell me you've read it and understand it.
> If you wish me to explain anything more, I'm glad to do it.
>
> **The Defendant**: No, no, fine.

Having been made aware of the consequences of pleading guilty, Lopez decided to plead guilty nonetheless, for, as she acknowledged, she really was guilty. She therefore cannot show that, if her attorney had advised her of the consequences of pleading guilty, she would not have pleaded guilty but instead would have proceeded to trial. Because Lopez was not prejudiced by her attorney's allegedly deficient performance, she cannot prevail on her ineffective assistance of counsel claim.

Lopez also argues that the court should have given greater weight to her health problems and to the potential disparity between her sentence and that of her co-conspirator, Nelson Balbi, in imposing her sentence. The sentence imposed—108 months' imprisonment—is at the low end of the parties' stipulated Sentencing Guidelines range. See United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995); United States v. Rivera, 971 F.2d 876, 895–96 (2d Cir. 1992). In her plea agreement, Lopez waived her right to appeal or to seek post-conviction review of a sentence within or below the stipulated range. Because Lopez does not challenge the

knowing and voluntary nature of that waiver, see United States v. DeJesus, 219 F.3d 117, 120–21 (2d Cir. 2000), I decline to consider her arguments challenging the sentence imposed.

Because Lopez has not made a substantial showing of the denial of a constitutional right, I decline to certify this case for appeal. See 28 U.S.C. § 2253(c)(1)(B), (c)(2); id. § 2255(d).

The Clerk shall enter judgment dismissing Lopez's motion with prejudice and without costs and then mark the case closed.

SO ORDERED.

Dated: December 22, 2010
New York, New York

/s/ ALVIN K. HELLERSTEIN
United States District Judge

5